**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**RONALD WAYNE CHAPMAN**                                            **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.  4:21-CV-P2-JHM**

**HENDERSON CTY. DET. CENTER** *et al.*                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983.  This

matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the

reasons set forth below, the Court will dismiss one claim and allow one claim to proceed.

**I. SUMMARY OF COMPLAINT**

Plaintiff Ronald Wayne Chapman is incarcerated as a pretrial detainee at the Henderson

County Detention Center (HCDC).  He names HCDC and the following HCDC officials as

Defendants in this action – Amy Brady; Officer Hunt; Captain Magilfresh; and Officer Vowels.

Plaintiff sues the individual Defendants in their official capacities only.

In his complaint, Plaintiff makes the following allegations:

> I have been denied legal copies/requests/simple motions because I was indigent
> . . . .  I have even been charged for Indigent Kits. . . .  They charge me a negative
> balance. . . .  Notrey Services of 5.00 per notery and 3.70 for Hygine Kits. . . .
> [T]hey started denying legal copy in July of 2020.  When I have ongoing cases in
> Illinois and Indiana.  Witch I have had over $100 for just Notrey Services. . . .  I
> was denied copys of simple motion to the courts. . . .  Last year told could not locate
> 1983 form. . . .  Officer informed that she was going to open my mail and take it
> and post it on GTL tablet for me to read . . . I told [them] they couldn't take my
> legal mail. . . .  I informed officer that was violating my Due Process rights as well
> as she couldn't put my pending courts case papers on a non secure GTL tablet.
> Under the terms and conditions of using the tablet the first pages before you accept
> conditions of use.  It tells you that is it not secure for any privacy attorney client
> privileges as well as anything put on the tablet is and can be accessed to any legal
> agencys.  I had time limits, from the appellate courts Illinois as well as waiting for
> motion of discovery and other legal materials for the pending case that I have
> Officer Rice inform me that they can do as they like. . . .  I have wrote grievances

as well as tried to show the officers case law and show them the statutes of mail handling of legal mail witch [the officers] have not attempted to answer.  Due to problem I can not put my pending case on a non-secure tablet.  This is grounds for a mistrial as well as several violations.  My attorney . . . has had to send me stamps and writing paper and it was brought up in Federal Court in Indiana. . . .  The mail grevence I filed on the "secure" tablet have been taken off.  I have contacted my federal appointed attorney . . . over the Federal inmates in Henderson as well as trying to exhaust all remedys to this problem.  But this issue is really a matter that needs delt with now since I have time limits as well as trying to obtain my discovery to pending charges . . .  Please note again the appeal times that 2 have had violated and know nothing of Court Hearings at this time.

Plaintiff  also writes "my claims of the privacy policy is clearly stated that it is not a secure line" and that the "only methods of communications thru the tellmate system that offers protection and privileged attorney client com at this time are phone calls that have been pre-approved."

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

2

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  HCDC and Official-Capacity Claims

HCDC is not an entity subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000).  In this situation, Henderson County is the proper Defendant.  *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990).  Similarly, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against the individual Defendants who work at HCDC are actually against Henderson County.

For these reasons, the Court will direct the Clerk of Court to add Henderson County as a Defendant to this action and will dismiss Plaintiff's claims against all other Defendants as redundant to his claims against Henderson County.

### B.  Denial of Access to the Courts

It is well established that prisoners have a constitutional right of access to the courts that includes access to legal resources and materials.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right is not without limit, and to state a claim for interference with access to the courts, a plaintiff must show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).  In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of

legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

The closest Plaintiff comes to alleging actual injury in the complaint is stating that two "appeal times" have been violated and that "I have time limits as well as trying to obtain my discovery to pending charges." The Court finds that Plaintiff's allegation that two "appeal times" have been violated is too vague to show actual injury under the standard above. In addition, as to Plaintiff's statement about his pending criminal case, Plaintiff indicates that he has a court-appointed attorney. Plaintiff cannot maintain a claim for denial of access-to-courts when a court-appointed attorney is available to conduct research and give legal advice. *See Daniels v. Noyola*, No. 1:14CV-P141-GNS, 2015 U.S. Dist. LEXIS 27398, at *8 (W.D. Ky. Mar. 4, 2015) (citing *Caton v. Maze*, 995 F.2d 881 (8th Cir. 1993) (per curiam)).

For these reasons, the Court will dismiss Plaintiff's claim based upon a denial of access to the courts for failure to state a claim upon which relief may be granted.

5

### C. Legal Mail

The Court construes the complaint as asserting a claim that HCDC has a custom or policy of opening inmates' legal mail outside of their presence and scanning it onto a "non-secure tablet" where it can then be accessed and/or read by others.  Upon consideration, the Court will allow this claim to proceed against Henderson County.  In so doing, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### IV. CONCLUSION

For the reasons set forth above, **the Clerk of Court** is **DIRECTED to add Henderson County as a party to this action**.

In addition, **IT IS ORDERED that Plaintiff's claims against HCDC and his official-capacity claims against Defendants Brady, Hunt, Magilfresh, and Vowels are dismissed as redundant to Plaintiff's claim against Henderson County**.  As such, the **Clerk of Court** is further **DIRECTED to terminate HCDC, Amy Brady, Officer Hunt, Captain Magilfresh, and Officer Vowels as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date:  May 14, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Henderson County Attorney
4414.011

6