UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00002-JHM

RONALD WAYNE CHAPMAN                                    PLAINTIFF

V.

HENDERSON CTY. DET. CENTER, ET AL.,                    DEFENDANT

<u>Memorandum Opinion and Order</u>

This matter is before the Court on Henderson County's Motion for Summary Judgment [69-1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is **GRANTED**.

## I. Background

Plaintiff Ronald Wayne Chapman is incarcerated as a pre-trial detainee at Henderson County Detention Center ("HCDC"). His trial is currently scheduled for January 10, 2022. [DN 69-1]. He filed a *pro se* civil rights action under 42 U.S.C. § 1983, alleging that HCDC tampered with his legal mail. Last May, this Court construed Plaintiff's Complaint as alleging that Henderson County had a custom or policy of opening inmates' legal mail outside their presence and scanning it onto an unsecure tablet system where it could be read or accessed by others. [DN 9]. Plaintiff argues that the terms and conditions of the electronic tablet system informed him that the tablet was not secure for any privileged attorney-client communications and could be accessed by "any legal agencys." [DN 1]. He asserts First Amendment and Fourteenth Amendment violations.

Defendant Henderson County filed this Motion, arguing that Plaintiff provided no evidence to demonstrate any *prima facie* allegations of an unsecure electronic system for inmates' legal

mail. Defendant provided exhibits of prison policies that show the procedures for inmates receiving their mail were private and argues that their policies related to opening inmate mail are constitutional because they appropriately account for prison security concerns. Defendant explained that legal mail was previously delivered directly to the inmate, unopened. [DN 69-1 at 2]. However, due to a recent uptick in contraband and other material being smuggled into HCDC through the mail, including in envelopes fraudulently labeled "legal mail," HCDC changed its policy in September 2020. [*Id.*; DN 69-2]. Now, HCDC's practice is to open, but not read, an inmate's legal mail in the inmate's presence to confirm it does not contain contraband. Afterwards, the envelope's contents are electronically scanned into that inmate's mail account, which the inmate can access via a tablet system operated by Global Tel Link ("GTL"), a company that provides telecommunication and technology services specifically to correctional facilities. [DN 69-1 at 2]. The physical mail is then placed in the inmate's storage. Defendant assures that at no point is the inmates' legal mail read by another party, and that each inmate can access his or her mail via their personal tablet, which is protected by a password created by the inmate. [*Id.*].

Defendants claim that the immediate lawsuit and the 20 or so grievances Plaintiff filed in December 2020 were induced by an incident on December 14 when HCDC officials found an apparent liquid substance applied to the paper inside of a package labeled with a return address of "Illinoise Appellate Court" but containing Indiana postage. [*Id.*]. After confirming with Illinois Appellate Court that they had not mailed Plaintiff anything since August, the appellate clerks of the court granted HCDC permission to open the parcel due to its ostensibly fraudulent markings. After HCDC officials saw the suspicious substance, they confiscated it. In response to Plaintiff's numerous grievances alleging that HCDC officials were tampering with and reading his legal mail and that the tablet system was not secure, HCDC officials repeatedly explained the new policy and

provided assurances of its privacy and security.  Officials explained that nobody was reading Plaintiff's legal mail, but that it was simply being opened, inspected for contraband, and scanned into his private tablet account to be read solely by Plaintiff.  [DN 69-4].  Plaintiff nonetheless filed this suit, convinced his legal mail was unsecure and accessible to outside entities.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.

### III. Discussion

Plaintiff's Complaint is best considered and analyzed as a First Amendment claim. The First Amendment protects a prisoner's right to receive mail, but prison officials may impose restrictions on the receipt of mail that are reasonably related to security and other legitimate penological objectives. *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). This includes opening a prisoner's mail "pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993)). But when the mail is "legal mail," the Court has a heightened concern with allowing prison officials uninhibited access, because a prison's security interests to not automatically supersede a prisoner's First Amendment right to receive correspondence that relates to the prisoner's legal rights, attorney-client privilege, or access to the courts. *Id.* at 874.

In an effort to balance both the security interests of the prison and the First Amendment rights of the inmate, courts have approved prison policies that permit prison officials to open "legal mail" and inspect it for contraband in the presence of the prisoner. *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539 (1974); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). Accordingly, even constitutionally protected mail can be opened—but not read—by prison officials for the purpose of inspecting it for contraband. Such activity must occur in the presence of the recipient inmate. The Federal Bureau of Prisons' policy on legal mail reflects this rule. *See* 28 C.F.R. § 540.12(b); 28 C.F.R. § 540.18(a). Additionally, Kentucky law expressly permits delivery of legal mail to the prisoner via an electronic copy provided on a secure, personal account after being opened and inspected for contraband in the presence of the prisoner. KRS 441.055(a)(2)(d).

4

HCDC's policy of inspecting legal mail for contraband in the presence of the prisoner and then scanning the mail onto a secure electronic tablet system to be read only by the inmate does not violate the foregoing law.  The prison inspected the dubiously labeled "legal mail" in Plaintiff's case after confirming that that the Illinois Appellate Court had not sent the package to Plaintiff.  They did so in the presence of Plaintiff.  They then allowed him access to read it through the electronic system.  The Sixth Circuit and the Supreme Court have upheld these policies as constitutional, finding they necessarily account for both the prison's interest in preventing smuggling of illicit substances and the prisoner's First Amendment rights.  *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Sallier*, 343 F.3d at 873–77.  Although Plaintiff has a First Amendment right to be free from unreasonable censorship of his mail, he has no such right that prevents a prison guard from opening his mail in his presence and examining it to determine if the mail is being used as a vehicle for illegal conduct.  *Stanley v Vining*, 602 F.3d 767, 770 (6th Cir. 2010).  Plaintiff has provided no evidence that HCDC officials read his legal mail at any point, or that they made his legal mail available to anyone other than Plaintiff.  In fact, Plaintiff did not even *allege* in his Complaint that anyone else read his legal mail, either in his presence or in the electronic personal tablet system.  Plaintiff only alleges that the system was not secure and accessible to others.  There is no evidence in the record of this; the system is protected by a password created solely by the inmate.  [DN 69-1 at 2].  Accordingly, Plaintiff's First Amendment claim is insufficient to demonstrate a genuine dispute of material fact.

Plaintiff's Complaint further fails to allege a cognizable Sixth Amendment claim.  To state a cognizable § 1983 claim for deprivation of right to counsel, Plaintiff must make some allegation that HCDC somehow interfered with his relationship with his attorney or created a barrier to conferring with counsel.  *Stanley*, 602 F.3d 767, 770.  The record presents no allegation by Plaintiff

that his legal mail in question was either addressed from Plaintiff's counsel or that it interfered with Plaintiff's ability to access counsel.  In fact, the record shows that Plaintiff was granted access to his legal mail when he requested it on numerous occasions.  *See* DN 69-5.  When he requested his legal mail, documents show that Plaintiff accepted the mail, enabling it to be scanned to the inmate's personal tablet account.  Some of these documents were correspondence from Plaintiff's criminal attorney and the ACLU of Indiana.  *Id.*  Plaintiff offers no evidence that HCDC's policies pertaining to inmate mail impeded his communications with his counsel or his ability to pursue a legal claim in any way.  As such, he has failed to make a cognizable Sixth Amendment claim under § 1983.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Henderson County's Motion for Summary Judgment [69-1] is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 10, 2022

cc:     Plaintiff, *pro se*
        Counsel of Record

6